**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**David Crimm,**
**Plaintiff Below, Petitioner**

**vs.) No. 21-0921** (Taylor County 18-C-18)

**City of Grafton,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Crimm appeals the circuit court's denial of his motion for summary judgment and petition for a writ of mandamus in which petitioner sought to be restored to an employment position with Respondent City of Grafton ("City") with backpay and benefits, removal of the termination from his record, and attorney's fees and costs.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner was serving as the Chief of the Grafton Fire Department in 2018 when he was questioned about recent fire hydrant testing and department training records. According to several City employees, petitioner admitted directing subordinates to create or falsify those records. Petitioner refused to resign, and his employment with the City was terminated in two separate letters dated March 13 and March 14, 2018. Both letters informed petitioner he was being terminated for "falsification of official city documents . . . ." The letters cited to the City's personnel handbook and provided that his termination was the result of "an action that reflects discredit upon the City Government, falsifying or destruction of reports, records, documents, employee information, applications for employment, and illegal action or actions which violate Federal, State, or Municipal regulations that affect the City, its reputation, or its ability to conduct any aspect of its business." Petitioner initially requested a civil service hearing, but that request was denied by the Grafton Firemen's Civil Service Commission. He then filed a grievance with the City regarding his termination, but he requested a continuance of that proceeding so that he could pursue a petition for a writ of mandamus in circuit court. After filing his circuit court action, petitioner sought summary judgment on his petition for a writ of mandamus. The circuit court denied that motion and dismissed petitioner's petition for a writ of mandamus, finding that petitioner had no clear legal right to reinstatement of his employment as a firefighter with the City.

---

[1] Petitioner is represented by Mark McMillian, and the City is represented by Tamara J. DeFazio and C. Brian Matko.

1

In its order, the circuit court noted that the grievance matter "may now proceed, and it is the appropriate forum to make factual determinations regarding the asserted reasons for [petitioner's] termination, as it was an available remedy which has yet to be exhausted." Petitioner appeals from that order.[2]

The following standards are relevant to our consideration of petitioner's contention that the circuit court erred in finding that he was not entitled to civil service due process rights as a member of the Grafton Fire Department:

> "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syllabus Point 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

> "'To invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy.' Syllabus point 2, *Myers v. Barte*, 167 W.Va. 194, 279 S.E.2d 406 (1981)." Syllabus Point 3, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

> "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus Point 4, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008).

Syl. Pts. 1-3, *Cales v. Town of Meadow Bridge*, 239 W. Va. 288, 800 S.E.2d 874 (2017).

Petitioner has not shown that the circuit court erred in denying his motion for summary judgment or denying his petition for a writ of mandamus. The 1985 Grafton City Charter provides for the office of fire chief, in sections 34 and 35, but neither section provides that the position is subject to the statutory fire civil service system. On February 18, 2014, the City adopted Ordinance 814, which amended section 34 of the 1985 charter to provide, in part, that "[t]he Fire Operations Chief shall be a non-civil service employee. If the Fire Operations Chief is promoted from a civil service employee he/she may resign at any time and return to an open civil service employee position in the Grafton Fire Department."

Pursuant to West Virginia Code § 8-15-11(c) (2003),

> [u]ntil the office of fire chief is placed under the civil service provisions of this article by the governing body, the member of any paid fire department now occupying such office or hereafter appointed to such office shall in all cases of removal, except for removal for good cause, retain the status he or she held in the

---

[2] The circuit court also entered a November 8, 2021, order stating that it failed to dismiss the matter in its earlier orders. It specifically dismissed the mandamus action in that November 8, 2021, order.

paid fire department at the time of his or her appointment to the office of fire chief or which he or she attained during his or her term as fire chief.

Here, the City ordinance reflects the City's decision not to place the position of fire chief under the civil service provisions. Because the position was not placed within civil service provisions, he has failed to show that he is entitled to a civil service position within the Grafton Fire Department. In addition, contrary to petitioner's assertions, the City presented documentary evidence to the circuit court regarding petitioner ordering subordinates to falsify the fire hydrant and department training records for the Grafton Fire Department. That evidence included a June of 2018 letter from the county prosecutor setting forth his belief that petitioner had falsified documents and an April of 2018 letter from a state police sergeant detailing conversations with several individuals, which support the City's contention that petitioner directed subordinates to falsify records. The purported training records, which were reportedly completely fabricated at petitioner's direction, and fire hydrant tests, which were presented as new data despite reusing outdated data from previous years at petitioner's direction, were also produced below and are included in the record before this Court. This Court has found that good cause "means misconduct of a substantial nature directly affecting the rights and interest of the public, rather than upon trivial or inconsequential matters, or mere technical violations of statute or official duty without wrongful intention." Syl. Pt. 1, in part, *Oakes v. W. Va. Dep't of Fin. & Admin.,* 164 W. Va. 384, 264 S.E.2d 151 (1980). The proper operation of fire hydrants and training of fire fighters affect the interest of the public.

Moreover, as a general rule, summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove. Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 459 S.E.2d 329 (1995). Here, however, petitioner did not present any evidence with his motion for summary judgment; therefore, he failed to rebut the City's evidence that petitioner was dismissed for good cause. Thus, we find that petitioner has failed to establish he had a clear right to the relief sought. Further, he has another adequate remedy, as at the time of the filing of the instant appeal he still had a pending grievance proceeding. We, therefore, affirm the circuit court's order denying petitioner's motion for summary judgment and petition for a writ of mandamus.

Affirmed.

**ISSUED:** January 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3